IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 18, 2002

## STATE OF TENNESSEE v. RONNIE JEROME RUSSELL

**Direct Appeal from the Criminal Court for Sumner County**
**No. 491-1998     Jane Wheatcraft, Judge**

---

**No. M2001-03057-CCA-R3-CD - Filed January 27, 2003**

---

Following an evidentiary hearing, the Criminal Court of Sumner County entered an order finding the Defendant, Ronnie Jerome Russell, to be in violation of the conditions of his supervised probation and ordered him to serve his sentence in the Department of Correction. The Defendant appealed arguing that the trial court failed to exercise a "conscientious and intelligent judgment" in finding that he had violated the terms and conditions of probation and in revoking his probation. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court is Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

David Allen Doyle, District Public Defender, Gallatin, Tennessee, for the appellant, Ronnie Jerome Russell.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Dee Gay, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In July 1998, Defendant pled guilty to the offense of attempt to possess more than 0.5 grams of cocaine for the purpose of sale, a Class C felony, and received a five-year sentence in the Department of Correction. However, the sentence was suspended and he was placed on supervised probation. The action of the trial court in revoking probation resulted from a violation warrant filed in October 2000 alleging that the Defendant had a positive drug screen for marijuana, and that Defendant had provided a false address to his probation officer. In addition, a violation warrant filed in July 2001 alleged the commission of various criminal offenses by Defendant and another positive drug screen for marijuana and cocaine in February 2001. (It appears from the record that Defendant had a prior occasion when his probation was violated, and, as a result, he was ordered to serve a short time of incarceration in jail and then released to be placed back on supervised probation).

The amended warrant filed in July 2001 alleged that Defendant had been charged with criminal impersonation, "resisting stop," unlawful possession of a weapon, domestic assault, reckless endangerment, and evading arrest. Some of the charges had been dismissed, but there was testimony from police officers at the revocation hearing concerning Defendant's conduct during a police response to a domestic disturbance call.

During his testimony, Defendant admitted that he had smoked marijuana and used cocaine while on probation. He admitted that he had not paid his fines and costs to the court clerk in spite of being required to do so while on probation. He admitted to an extensive period of time in which he failed to report to his probation officer. He admitted to giving a false name to police officers, to wit: "Terrence Lawless," and, that under the circumstances, he had violated the law prohibiting criminal impersonation.

Defendant testified that during the six months prior to the revocation hearing, he had received his GED and had been accepted to begin studies at a barber college. He expressed remorse for his past actions and asserted that he had finally learned that he must live up to his responsibilities to his child and his family. Defendant stated that he had "found God," and that if given one last chance, he would successfully complete his probation.

At the conclusion of the hearing the trial court, in its ruling, found that Defendant had previously violated his probation and had been given thirty days to serve and was placed back on probation. The trial court found that Defendant continued to use illegal drugs while on probation.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, 311. The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. *Id.*; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. *Gregory*, 946 S.W.2d at 832; *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

Based upon our review of the record, the trial court exercised a conscientious and intelligent judgment and did not act arbitrarily. Defendant is not entitled to relief in this appeal.

**CONCLUSION**

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE